UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DONALD G. JACKMAN, JR., | CASE NO.  4:11 CV 1774 |
| Petitioner, | JUDGE JAMES G. CARR |
| v. | |
| | MEMORANDUM OF OPINION |
| | AND ORDER |
| FEDERAL BUREAU OF PRISONS, *et al.*, | |
| Respondents. | |

*Pro se* petitioner Donald G. Jackman, Jr. filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Mr. Jackman, who is incarcerated at the Federal Correctional Institute in Elkton, Ohio ("F.C.I. Elkton"), names the Federal Bureau of Prisons (BOP) and F.C.I. Elkton Warden Robert L. Farley as Respondents.  He asserts he has been held in a Special Housing Unit (SHU) since August 21, 2011. For the reasons set forth below, the Petition is dismissed.

**Background**

Senator Sherrod Brown contacted F.C.I. Elkton in 2011 to investigate allegations that

the prison refused to send prisoner mail without a TRULINCS label.[1] On May 16, 2011, Mr. Jackson was charged with using a typed mailing label to send a letter to Senator Brown in violation of BOP policy. Mr. Jackman claims his case manager issued the incident report in retaliation for his refusal to participate in what he believes is a "voluntary" TRULINCS mailing system. Mr. Jackman protested the charge, claiming the letter could have been sent by a friend or relative because no one actually witnessed him placing the letter in the mail. The incident did not result in SHU placement.

Shortly after Mr. Jackman issued charges, there were reports of the beginning stages of a food strike at F.C.I. Elkton. As a result, Mr. Jackman was administratively detained in an SHU on May 18, 2011. His detention marked the beginning of the SIS's investigation into the food strike. Lieutenant Butts interviewed Mr. Jackman later that month and allegedly advised him that he had nothing to do with the food strike and he would recommend Mr. Jackman's release back to the compound. To date, Mr. Jackman has not been released.

Mr. Jackman now asserts he has been deprived of a "vested liberty interest" while confined in SHU. He complains that respondents have limited his commissary privileges, telephone access, use of the law library and his general movements. He seeks access to these privileges.

**Discussion**

**1. Standard of Review**

When a court entertains an application for a writ of habeas corpus, it is required to

---

[1] Through the Trust Fund Limited Inmate Computer System (TRULINCS), "inmates may send electronic messages to securely, efficiently, and economically maintain contact with persons in the community." BOP PS § 5265.13, ¶ 1. All inmates are required to place a TRULINCS mailing label on any outgoing postal mail. Only the Warden may "exempt inmates from this requirement if he/she determines that an inmate has a physical or mental incapacity, or other extraordinary circumstances that prevents him/her from using the TRULINCS terminal, or the inmate poses special security concerns prohibiting access to TRULINCS terminals." §5265.13, ¶4(c).

award the writ "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. To that end, the Sixth Circuit has consistently held that: "The burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner. *Jones v. Russell*, 396 F.2d 797 (6th Cir. [1968]); *Gray v. Johnson*, 354 F.2d 986 (6th Cir. [1965])." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970). Mr. Jackman has not met his burden.

### 2. Federal Habeas Petitions under 28 U.S.C. § 2241

A habeas corpus proceeding is the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The statute requires that a district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495. Because Mr. Jackman's custodian is the warden at F.C.I. Elkton, located within the Northern District of Ohio, this Court has personal jurisdiction over his custodian. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) (prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held).

### 3. Petitioner is Not Entitled to Habeas Relief

As the Supreme Court has made clear, "federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, . . . , and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750

(2004). It is only when a prisoner demonstrates that he "is in custody in violation of the Constitution or laws or treaties of the United States" that habeas relief is available. 28 U.S.C. § 2241(c)(3).

Mr. Jackman claims his placement in SHU has interfered with his vested liberty interest in fuller access to commissary, library and telephone privileges. Moreover, he complains his movements have been restricted by his placement in SHU. None of these claims, however, have any bearing on the length or duration of his imprisonment. *See Preiser v. Rodriguez, 411 U.S. 475, 499(1973)*; *Hernandez-Pineda v. Lappin*, No. 4:11 CV1377, 2011 WL 6318514, at *3 (N.D. Ohio, Dec. 16, 2011).

As a threshold matter, there is generally no inherent constitutional right to remain free of administrative detention. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Further, when a prisoner challenges the conditions of his or her confinement but not the fact or length of his custody, the proper mechanism is a civil rights action under 42 U.S.C. § 1983, or *Bivens*.[2] *See Preiser*, 411 U.S. at 499; *Okoro v. Scibana*, No. 99-1322, 1999 WL 1252871, at *2 (6th Cir. Dec. 15, 1999)(conditions of confinement claims are not the type of claims that should be brought in a habeas corpus petition). All of Mr. Jackman's complaints center around the treatment he has received after his placement in SHU. While the extent to which he is entitled to certain privileges may have been altered, neither the length nor duration of his confinement in prison has changed. Thus, he has not triggered any claim suggesting he is entitled to habeas relief.

## Conclusion

Based on the foregoing, the Application to Proceed *In Forma Pauperis* (Doc. No. 5)

---

[2] Under the *Bivens* doctrine, a plaintiff may allege a claim based on an injury of his constitutional rights by a federal employee. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

is **granted** and the Petition is **dismissed** pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

S/ James G. Carr
SR. UNITED STATES DISTRICT JUDGE

---

[3]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.